OPINION ON REHEARING
PER CURIAM.
On consideration of appellant’s motion for rehearing or clarification we withdraw our opinion entered May 23, 1989, and substitute in its stead the following amended opinion:
We have for review an order determining paternity and setting child support. We affirm in part and reverse in part.
In a lengthy evidentiary proceeding the trial court heard conflicting evidence regarding the level of the child’s need for support and the ability of the father, appellant herein, to pay. We find no reversible error in the court’s order with regard to the amount needed for child care and for the special medical needs of the child, who has cystic fibrosis.
We reach a different conclusion with regard to the trial court’s order setting the father’s share of the total child *802 support need. Subparagraph 61.30(2)(a)3., Florida Statutes (1987), “Child Support Guidelines”, provides that business income shall be included in setting child support amounts. Under the guidelines, “ ‘[business income’ means gross receipts minus ordinary and necessary expenses required to produce income.” Id. It does not appear that the necessary allowance was made for the father’s business expenses when the trial court apportioned the responsibility for the child support amount. We remand, therefore, so the trial court may take these expenses into consideration when setting the amount of child support the father will pay.[1]’[2]
Appellant contends that the trial court erred in allowing appellee a deduction for payroll deductions for a credit union debt and for a garnishment relating to another debt. The trial court had discretion under paragraph 61.30(10)(i), Florida Statutes, to make “[a]ny other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.” Construing the record in the light most favorable to appellee, we note that both parties were beneficiaries of the loans in question, and that the loans were used to provide, in part, pre- and post-delivery living expenses when the mother could not work. No abuse of discretion has been shown.[3]
No reversible error has been shown as to the father’s other points on appeal.
Affirmed in part, reversed in part and remanded.

.Upon making that adjustment, the case will fall within the Child Support Guidelines. Even if that were not so, there should not be a material difference in the award if the parties’ net income is slightly over, rather than slightly under, the $50,000 maximum on the guideline schedule.

. The trial court does, of course, have discretion to make equitable adjustments to either or both parent’s share. § 61.30(10), Fla.Stat. (1987). The analysis should begin, however, with a corrected percentage computation. See id. § 61.30(8).

. Those characteristics differentiate the indebtedness of appellant from that of appellee.